IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LABRADA BODYBUILDING NUTRITION, INC.<br><br>Plaintiff,<br><br>v.<br><br>THERMOLIFE INTERNATIONAL, LLC,<br><br>Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Labrada Bodybuilding Nutrition, Inc. ("Labrada") files this Complaint for Declaratory Judgment ("Complaint") against Defendant ThermoLife International, LLC ("ThermoLife"). Labrada seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring United States Patent Nos. 6,646,006 (the "'006 Patent"), 6,117,872 (the "'872 Patent"), 7,452,916 (the "'916 Patent"), 5,945,452 (the "'452 Patent), 5,852,058 (the "'058 Patent), 5,891,459 (the "'459 Patent"), 5,861,168 (the "'168 Patent), and 5,428,070 (the "'070 Patent") (collectively the "patents-in-suit") to be not infringed and to be invalid.

### PARTIES

1.     Plaintiff Labrada is a corporation organized and existing under the laws of Texas with a principal place of business at 333 Northpark Central Drive in Houston, Texas, 77073.

2. Defendant is a limited liability company organized and existing under the laws of Arizona, and may be served with process through its registered agent and President Ronald L. Kramer at his place of business, 1811 Ocean Front Walk in Venice, California, 90291, or at his registered agent address, 3941 E. Chandler Blvd., No. 106-212, Phoenix, Arizona 85048.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Labrada's request for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which are within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

2. ThermoLife has asserted infringement of the patents-in-suit. The allegations made by ThermoLife in a demand letter give rise to an actual and justiciable controversy between Labrada and ThermoLife as to the noninfringement and invalidity of the patents-in-suit.

3. ThermoLife's infringement allegations threaten actual and imminent injury to Labrada that can be redressed by judicial relief and that injury is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Absent a declaration of noninfringement and/or invalidity, ThermoLife's continued wrongful assertions of infringement related to the use of Labrada's products will cause Labrada harm.

4. ThermoLife is subject to general and specific personal jurisdiction in this judicial district based upon its purposeful, systematic, and continuous contacts with Texas, including, amongst other acts, selling and marketing products to customers in Texas.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue occurred in this judicial district and because ThermoLife is subject to personal jurisdiction within this judicial district.

## FACTUAL BACKGROUND

6.     Labrada was founded in 1996 and has since maintained its principal place of business in Houston, Texas. It employs approximately 30 people at its headquarters in Houston, where it conceives, designs, develops and markets sports nutrition products. Its products accused of infringement here were likewise conceived, designed, developed, and marketed at that location.

7.     ThermoLife purports to be the exclusive licensee of the '006 Patent. The '006 Patent is entitled "Enhancement of vascular function by modulation of endogenous nitric oxide production or activity" and issued on November 11, 2003. A copy of the '006 Patent is attached as Exhibit "A."

8.     ThermoLife purports to be the exclusive licensee of the '872 Patent. The '872 Patent is entitled "Enhancement of exercise performance by augmenting endogenous nitric oxide production or activity" and issued on September 12, 2000. A copy of the '872 Patent is attached as Exhibit "B."

9.     ThermoLife purports to be the exclusive licensee of the '916 Patent. The '916 Patent is entitled "Enhancement of vascular function by modulation of endogenous nitric oxide production or activity" and issued on November 18, 2008. A copy of the '916 Patent is attached as Exhibit "C."

10.    ThermoLife purports to be the exclusive licensee of the '452 Patent. The '452 Patent is entitled "Treatment of vascular degenerative diseases by modulation of endogenous nitric oxide production or activity "and issued on August 31, 1999. A copy of the '452 Patent is attached as Exhibit "D."

11.    ThermoLife purports to be the exclusive licensee of the '058 Patent. The '058 Patent is entitled "Intramural delivery of nitric oxide enhancer for inhibiting lesion formation

after vascular injury" and issued on December 22, 1998. A copy of the '058 Patent is attached as Exhibit "E."

12.     ThermoLife purports to be the exclusive licensee of the '459 Patent. The '459 Patent is entitled "Enhancement of vascular function by modulation of endogenous nitric oxide production or activity" and issued on April 6, 1999. A copy of the '459 Patent is attached as Exhibit "F."

13.     ThermoLife purports to be the exclusive licensee of the '168 Patent. The '168 Patent is entitled "Intramural delivery of nitric oxide enhancer for inhibiting lesion formation after vascular injury" and issued on January 19, 1999. A copy of the '168 Patent is attached as Exhibit "G."

14.     ThermoLife purports to be the exclusive licensee of the '070 Patent. The '070 Patent is entitled "Treatment of vascular degenerative diseases by modulation of endogenous nitric oxide production of activity" and issued on June 27, 1995. A copy of the '070 Patent is attached as Exhibit "H."

15.     ThermoLife is represented by Newport Trial Group, a law firm located in Newport Beach, California. On information and belief, in addition to representing non-practicing entities, the Newport Trial Group and/or at least one of its principals and/or that principal's relatives own or control other non-practicing entities that currently are suing various other entities.

16.     Labrada received a demand letter from ThermoLife on or about 2013. *See e.g.*, Letter dated April 22, 2013 from Kalman Magyar, a copy of which is attached as Exhibit "J."

## COUNT I
### Declaratory Judgment of NonInfringement and Invalidity of the '006 Patent

17. Labrada incorporates the foregoing paragraphs by reference as though set forth fully herein.

18. No claim of the '006 Patent has been or is infringed, either directly or indirectly, by Labrada or the purchasers of Labrada's products through their use of Labrada products.

19. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that Labrada has not infringed, and does not infringe, directly or indirectly, any valid claim of the '006 Patent.

20. The claims of the '006 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

21. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that the claims of the '006 Patent are invalid.

## COUNT II
### Declaratory Judgment of NonInfringement and Invalidity of the '872 Patent

22. Labrada incorporates the foregoing paragraphs by reference as though set forth fully herein.

23. No claim of the '872 Patent has been or is infringed, either directly or indirectly, by Labrada or the purchasers of Labrada's products through their use of Labrada products.

24. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that Labrada has not infringed, and does not infringe, directly or indirectly, any valid claim of the '872 Patent.

25. The claims of the '872 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that the claims of the '872 Patent are invalid.

## COUNT III
### Declaratory Judgment of NonInfringement and Invalidity of the '916 Patent

27. Labrada incorporates the foregoing paragraphs by reference as though set forth fully herein.

28. No claim of the '916 Patent has been or is infringed, either directly or indirectly, by Labrada or the purchasers of Labrada's products through their use of Labrada products.

29. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that Labrada has not infringed, and does not infringe, directly or indirectly, any valid claim of the '916 Patent.

30. The claims of the '916 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

31. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that the claims of the '916 Patent are invalid.

### COUNT IV
### Declaratory Judgment of NonInfringement and Invalidity of the '452 Patent

32. Labrada incorporates the foregoing paragraphs by reference as though set forth fully herein.

33. No claim of the '452 Patent has been or is infringed, either directly or indirectly, by Labrada or the purchasers of Labrada's products through their use of Labrada products.

34. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that Labrada has not infringed, and does not infringe, directly or indirectly, any valid claim of the '452 Patent.

35. The claims of the '452 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

36. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that the claims of the '452 Patent are invalid.

### COUNT V
### Declaratory Judgment of NonInfringement and Invalidity of the '058 Patent

37. Labrada incorporates the foregoing paragraphs by reference as though set forth fully herein.

38. No claim of the '058 Patent has been or is infringed, either directly or indirectly, by Labrada or the purchasers of Labrada's products through their use of Labrada products.

39. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that Labrada has not infringed, and does not infringe, directly or indirectly, any valid claim of the '058 Patent.

40. The claims of the '058 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

41. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that the claims of the '058 Patent are invalid.

## COUNT VI
### Declaratory Judgment of NonInfringement and Invalidity of the '459 Patent

42. Labrada incorporates the foregoing paragraphs by reference as though set forth fully herein.

43. No claim of the '459 Patent has been or is infringed, either directly or indirectly, by Labrada or the purchasers of Labrada's products through their use of Labrada products.

44. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that Labrada has not infringed, and does not infringe, directly or indirectly, any valid claim of the '459 Patent.

45. The claims of the '459 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

46. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that the claims of the '459 Patent are invalid.

### COUNT VII
### Declaratory Judgment of NonInfringement and Invalidity of the '168 Patent

47. Labrada incorporates the foregoing paragraphs by reference as though set forth fully herein.

48. No claim of the '168 Patent has been or is infringed, either directly or indirectly, by Labrada or the purchasers of Labrada's products through their use of Labrada products.

49. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that Labrada has not infringed, and does not infringe, directly or indirectly, any valid claim of the '168 Patent.

50. The claims of the '168 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

51. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that the claims of the '168 Patent are invalid.

## COUNT VIII
### Declaratory Judgment of NonInfringement and Invalidity of the '070 Patent

52. Labrada incorporates the foregoing paragraphs by reference as though set forth fully herein.

53. No claim of the '070 Patent has been or is infringed, either directly or indirectly, by Labrada or the purchasers of Labrada's products through their use of Labrada products.

54. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that Labrada has not infringed, and does not infringe, directly or indirectly, any valid claim of the '070 Patent.

55. The claims of the '070 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

56. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between ThermoLife and Labrada to warrant the issuance of a declaratory judgment that the claims of the '070 Patent are invalid.

### REQUEST FOR RELIEF

Accordingly, Labrada requests the following:

(a) A declaration that Labrada and the purchasers of Labrada's products have not infringed and are not infringing, either directly or indirectly, any claim of the '006, '872, '916, '452, '058, '459, '168 and '070 Patents;

(b) A declaration that each claim the '006, '872, '916, '452, '058, '459, '168 and '070 Patents are invalid;

10

(c) An order that ThermoLife and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Labrada or the purchasers of Labrada's products claiming that the '006, '872, '916, '452, '058, '459, '168 and '070 Patents are infringed or from representing that Labrada's products or their use in the networks operated by the purchasers of those products infringe the '006, '872, '916, '452, '058, '459, '168 and '070 Patents;

(d) A declaration that this is an exceptional case under 35 U.S.C. § 285;

(e) An award to Labrada of its costs and attorneys' fees;

(f) Such other relief as this Court or a jury may deem proper and just under the circumstances.

## JURY DEMAND

Labrada demands a trial by jury on all issues so triable.

Dated: July 2, 2013

Respectfully Submitted,

/s/ James G. Munisteri
James G. Munisteri
Texas State Bar No. 14667380
Chris P. Perque
Texas State Bar No. 24005828
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, TX 77002-5007
Tel: 713-276-5500
Fax: 713-276-5555
jmunisteri@gardere.com
cperque@gardere.com

ATTORNEYS FOR PLAINTIFF, LABRADA
BODYBUILDING NUTRITION, INC.